UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE LANDRUM,

    Plaintiff,                                CASE NO. 08-CV-15199

v.                                         DISTRICT JUDGE THOMAS L. LUDINGTON
                                         MAGISTRATE JUDGE CHARLES E. BINDER

VETERANS ADMINISTRATION
HOSPITAL,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**
(Doc. 2)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

**II.    REPORT**

    **A.    Background**

Plaintiff Lance Landrum originally filed this case in the Circuit Court of Saginaw County, Michigan, and it was removed to this Court on December 18, 2008. Plaintiff, who is proceeding *pro se*, is seeking retroactive disability benefits in the amount of $380,000 and future benefits of $960 per month from the Veterans Administration. Defendant filed a motion to dismiss on January 13, 2009, asserting that the case is not cognizable in this Court.

The case was referred to the undersigned magistrate judge for pretrial management on January 21, 2009 (Doc. 3), and Plaintiff filed a response to the motion on February 9, 2009. (Doc.

5.) Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Motion Standards

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

### C. Analysis & Conclusion

Plaintiff states that he was discharged from the Marine Corps in 1970 due to disability. (Compl., Doc. 1 at 17.) He alleges that, four times over the past 39 years, his requests for

disability benefits have been rejected due to racial discrimination. (*Id.* at 17.[1]) He thus seeks an award of retroactive and future disability benefits.

Defendant moves for dismissal asserting that, pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans' Affairs is vested with the authority to "decide all questions of law and fact necessary" for veterans' disability benefits award determinations. (Doc. 2 at 4.) Adverse decisions may only be appealed to the Board of Veterans' Appeals, 38 U.S.C. § 7104(a), the Court of Appeals for Veterans Claims has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," 38 U.S.C. § 7252(a), and decisions of the Court of Appeals for Veterans Claims may be appealed only to the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.

I suggest that Defendant is correct that, pursuant to the federal statutes cited, this Court lacks subject matter jurisdiction over Plaintiff's claim, and I therefore suggest that the case be dismissed in its entirety.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*,

---

[1] The page number given reflects the page number of the document in the Court's electronic case filing system.

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                         s/ *Charles E Binder*
                                         CHARLES E. BINDER
Dated: March 20, 2009                     United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on counsel of record via the Court's ECF system, served on Lance Landrum by First Class Mail, and served on U.S. District Judge Thomas Ludington in the traditional manner.

Dated: March 20, 2009                 By     s/Mimi D. Bartkowiak
                                                       Law Clerk to Magistrate Judge Binder